UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA HENDRIX, | ) | No. ED CV 08-00277-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | (Social Security Case) |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

1 considered the opinion of the treating physician;

2  2. Whether the ALJ properly considered the Listing level
3 severity or equivalence of Plaintiff's impairment;

4  3. Whether the ALJ properly considered lay witness testimony;
5 and

6  4. Whether the ALJ properly considered the mental and physical
7 demands of Plaintiff's past relevant work.

8 This Memorandum Opinion will constitute the Court's findings of
9 fact and conclusions of law. After reviewing the matter, the Court
10 concludes that the decision of the Commissioner must be affirmed.

**I**

### THE ALJ PROPERLY CONSIDERED THE TREATING PHYSICIAN'S OPINION

Plaintiff asserts that the ALJ's decision improperly depreciates the opinion concerning disability-related issues of her treating physician, Dr. Sivananda. (JS at 3.)

The ALJ cited Dr. Sivananda's opinion, set forth in a check-off form dated March 5, 2004.[1] In that form, as the ALJ noted, Dr. Sivananda opined that Plaintiff could lift or carry less than ten pounds, sit maximally only four hours in an eight-hour workday; and would be expected to be absent from work more than three times a month. (AR 16, 231-232.)

In discounting Dr. Sivananda's opinion, the ALJ cited applicable regulations and cases which provide the procedural standards for evaluation of the opinions of treating physicians. (AR 16.) He then

---

[1] The date set forth on the form, March 5, 2006 (AR 231-232), is clearly erroneous, as the hearing before the ALJ occurred on May 4, 2004. (AR 233.)

set forth eight enumerated reasons for rejecting Dr. Sivananda's opinion. (AR 16-17.)  Contrary to Plaintiff's argument in the JS, the ALJ's consideration of Dr. Sivananda's opinion was not limited to his concern that the check-off form was not supported by citations to medical signs and laboratory results. (See JS at 3.)  This is but one of the eight reasons cited by the ALJ.  It is perhaps the case that if the ALJ had limited himself to this basis for discounting Dr. Sivananda's opinion, Plaintiff's citation to the case of Embrey v. Bowen, 849 F.2d 418, 421-422 (9th Cir. 1988), would be well taken.  But here, the ALJ went to great pains to detail his specific reasoning for rejecting Dr. Sivananda's opinion.

### A. Applicable Law.

The Ninth Circuit has repeatedly reaffirmed the principle that greatest weight is ordinarily given to the opinions of treating physicians versus those physicians who do not treat:

> "We afford greater weight to a treating physician's opinion because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).

Even so, the treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Id., citing Rodriquez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989)  The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted, Id., citing

1  <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1408 (9th Cir. 1986). However, if the
2  ALJ chooses to do so, the ALJ must '"'make findings setting forth
3  specific, legitimate reasons for doing so that are based on
4  substantial evidence in the record.'"' <u>Id</u>., citing <u>Winans v. Bowen</u>,
5  853 F.2d 643, 647 (9th Cir. 1987), quoting <u>Sprague</u>, 812 F.2d at 1230;
6  <u>see also Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983).
7       This clearly articulated rule, set forth by the Circuit in its
8  opinions in <u>Magallanes</u> and <u>Cotton</u>, has been often cited in later
9  decisions. (<u>See</u>, <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir.
10 1995): "The ALJ may reject the opinion only if she provides clear and
11 convincing reasons that are supported by the record as a whole.";
12 <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996): "Even if the
13 treating doctor's opinion is contradicted by another doctor, the
14 Commissioner may not reject this opinion without providing 'specific
15 and legitimate reasons' supported by substantial evidence in the
16 record for so doing." (Citation omitted).

18     Also instructive is the Ninth Circuit's discussion of this issue
19 in <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995):
20       "Where the opinion of the claimant's treating physician
21       is contradicted, and the opinion of a nontreating source is
22       based on independent clinical findings that differ from
23       those of the treating physician, the opinion of the
24       nontreating source may itself be substantial evidence; it is
25       then solely the province of the ALJ to resolve the conflict.
26       <u>Magallanes</u>, 881 F.2d at 751. Where, on the other hand, a
27       nontreating source's opinion contradicts that of the
28       treating physician but is not based on independent clinical

4

1     findings, or rests on clinical findings also considered by
2     the treating physician, the opinion of the treating
3     physician may be rejected only in the ALJ gives specific,
4     legitimate reasons for doing so that are based on
5     substantial evidence in the record. Id. at 751, 755. See
6     Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir. 1993)
7     (applying test where ALJ relied on contradictory opinion of
8     nonexamining medical advisor)."
9  (53 F.3d at 1041)

**B.     The AlJ's Rejection of Dr. Sivananda's Opinion**.

The ALJ first noted as a basis for his depreciation of Dr. Sivananda's opinion that it was not well-supported, and that it was in fact devoid of citations to medical scientific and laboratory results. (AR 16.) As a legal matter, this reasoning is supported.

The ALJ's reasoning is right on the mark. "Check-off" forms are disfavored, especially when they are unsupported by objective findings. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996), citing Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983). See also Magallanes v. Bowen, 881 F.2d 749, 751 (9th Cir. 1989).

The records of Desert Valley Medical Group, at which Dr. Sivananda practices, do not provide evidentiary support for Dr. Sivananda's later residual functional capacity ("RFC") evaluation. (See AR at 218-230, esp. AR 222.)

The ALJ next gave weight to his concern that Dr. Sivananda had not seen Plaintiff on a sufficient enough frequency to form his opinion. (AR 17.) Indeed, the length of the treatment relationship is an appropriate factor to consider in evaluation of the treating

physician's opinion. (See 20 C.F.R. §404.1527(d)(2)(I) (2008).

The ALJ's notation that Dr. Sivananda is not a specialist in rheumatology is a relevant concern in the credibility analysis. (See 20 C.F.R. §404.1527(d)(5) (2008).)

The ALJ next cited the inconsistency of the progress notes of Desert Valley Medical Group and of Dr. Sivananda. (AR 17.) The analysis contained therein cannot be said to be factually inadequate, and certainly, it is based on substantial evidence.

The ALJ voiced concern with the inconsistency between Dr. Sivananda's evaluation and Plaintiff's course of treatment. As the ALJ noted, Plaintiff has only been prescribed mild medications for an allegedly disabling rheumatoid arthritis condition. (AR 17.) (This reason must be considered in conjunction with the ALJ's seventh reason, which indicates that Dr. Sivananda did not notate the fact that Plaintiff had been refusing to take medications prescribed by her attending rheumatologist. (AR 17, 141.)) Regulations provide that refusal to follow a prescribed course of treatment, when that treatment can be expected to restore a person's ability to work, is a ground for finding that a claimant is not disabled. (See 20 C.F.R. §404.1530(b) (2008).)

Finally, the ALJ found that Dr. Sivananda's opinion is inconsistent with the weight of the record. (AR 17.) This statement cannot be considered in isolation, because the ALJ had specifically noted the applicability of Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988), by which the findings in a prior ALJ decision are entitled to res judicata in subsequent proceedings. (AR 11.)

In sum, the Court determines that the ALJ properly evaluated conflicting evidence and resolved any conflicts contained therein.

1  See Morgan v. Commissioner, 169 F.3d 595, 601 (9th Cir. 1999).

## II

## THE ALJ PROPERLY CONSIDERED THE LISTING LEVEL SEVERITY
## OR EQUIVALENCE OF PLAINTIFF'S IMPAIRMENTS

At Step Three of the sequential evaluation process, the ALJ found that Plaintiff's medically determinable impairments, whether considered alone or in combination, do not meet or medically equal any Listing in Appendix 1, subpart P, Regulations No. 4. (AR 14.) Plaintiff contends that this is an insufficient finding in that it is devoid of any analysis. In support of this contention, Plaintiff primarily cites the case of Marcia v. Sullivan, 900 F.2d 172 (9th Cir. 1990). (JS at 10-11.) What Plaintiff omits is that the claimant in the Marcia case had offered evidence to show medical equality or equivalence to meet a Listing. (See 900 F.2d 172 at 175.) In this case, Plaintiff has done no such thing. Indeed, Plaintiff offers no evidence or argument whatsoever to support her contention that she meets any Listing.

Plaintiff's argument essentially turns the Step Three analysis on its head. Fundamentally, Plaintiff has the burden at Step Three, not the Commissioner. See Bowen v. Yuckert, 487 U.S. 137, 146, fn. 5 (1987). See also Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001).

Moreover, the ALJ in this case did sufficiently discuss evidence underlying his evaluation of Plaintiff's severe impairments. (See AR 13-14, 16, 18-19.) Again, Plaintiff makes no serious argument that the evaluation of evidence was incorrect.

For the above stated reasons, Plaintiff's second claim has no merit.

**III**

**THE ALJ PROPERLY CONSIDERED LAY WITNESS TESTIMONY**

Plaintiff asserts that the ALJ failed to consider the third party opinion of her sister, Ms. Meyers. (JS at 15, et seq.) Indeed, Ms. Meyers did complete a Daily Activities Questionnaire on November 11, 2002. (AR 89-94.)

It is clearly the ALJ's obligation to consider relevant evidence. Witnesses who provide such evidence must be competent to do so. See Dodrill v. Shalala, 12 F.3d 915, 918-919 (9th Cir. 1993). The Court notes the Commissioner's contention that there is no indication that Ms. Meyers was competent to opine as to many of the daily activities of Plaintiff upon which she rendered an opinion. For example, the Court notes that in response to a question regarding Plaintiff's normal sleeping hours, Ms. Meyers indicated that on a good day she usually sleeps eight hours, but that on a bad day, "she is up all hours of the night in extreme pain." (AR 89.) Since Ms. Meyers does not live with Plaintiff, her competence to opine as to Plaintiff's sleeping habits must, necessarily, be based on hearsay.

Moreover, the medical evidence in the record as to the subjects upon which Ms. Meyers rendered an opinion is contrary to that opinion. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Finally, the Court notes that Ms. Meyers' opinion testimony essentially mirrors Plaintiff's own testimony at the hearing regarding her own symptoms. (See AR at 233-259.) Thus, nothing new was added in Ms. Meyers' statement. The Court notes that Plaintiff has not challenged the credibility assessment as to herself made by the ALJ in his decision. (See AR at 18.)

For the foregoing reasons, Plaintiff's third issue has no merit.

## IV

**THE ALJ PROPERLY CONSIDERED THE MENTAL AND PHYSICAL DEMANDS OF PLAINTIFF'S PAST RELEVANT WORK ("PRW")**

At Step Four of the sequential evaluation process, the ALJ identified Plaintiff's PRW based on testimony at the hearing from a vocational expert ("VE"). Plaintiff's PRW was classified as medical assistant and nurse's aide. (AR 19, 257-258.) Further, the hypothetical questions posed to the VE were based upon the ALJ's determination of Plaintiff's RFC. (See AR at 20, Finding 6.) Based on this foundation, the VE opined that Plaintiff could do her PRW as actually performed and as it is generally performed in the national economy. The Court fails to see how the ALJ's analysis fails to comply with applicable law. Contrary to Plaintiff's contention, the analysis was in fact supported by specific findings, and the occupations identified by the VE, and later adopted by the ALJ, as available to Plaintiff satisfied the requirements of the Step Four analysis.

For the foregoing reasons, Plaintiff's fourth issue has no merit.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: December 9, 2008                    /s/
                                           VICTOR B. KENTON
                                           UNITED STATES MAGISTRATE JUDGE